1  Jacqueline Vallette (State Bar No. 266989)
   jvallette@jonesday.com
2  JONES DAY
   555 California Street, 26th Floor
3  San Francisco, California  94104
   Telephone:  415.626.3939
4  Facsimile:  415.875.5700

5  Attorneys for Defendant
   EXPERIAN INFORMATION SOLUTIONS, INC.
6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11 | MARTIN D. YATACO,                  | **Case No. CV-11-4568-MMC**
12 |         Plaintiff,                 | Assigned to the Hon. Maxine M. Chesney
13 |    v.                              | **JOINT STIPULATION AND [PROPOSED] PROTECTIVE ORDER**
14 | EXPERIAN INFORMATION SOLUTIONS,
15 | INC., an Ohio corporation,
16 |         Defendant.
17

18

19       IT IS HEREBY STIPULATED by and between Plaintiff Martin D. Yataco ("Plaintiff")

20 and Defendant Experian Information Solutions, Inc. ("Experian") through their respective

21 attorneys of record, as follows:

22       WHEREAS, documents and information have been and may be sought, produced or

23 exhibited by and among the parties to this action relating to trade secrets, confidential research,

24 development, technology or other proprietary information belonging to the defendants and/or

25 personal income, credit and other confidential information of Plaintiff.

26       THEREFORE, an Order of this Court protecting such confidential information shall be

27 and hereby is made by this Court on the following terms:

28 ///

1        1.      This Order shall govern the use, handling and disclosure of all documents, testimony or information produced or given in this action which are designated to be subject to this Order in accordance with the terms hereof.

2.      Any party or non-party producing or filing documents or other materials in this action may designate such materials and the information contained therein subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential."

3.      To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Order, the party filing such papers shall designate such materials, or portions thereof, as "Confidential," and shall file them with the clerk under seal; provided, however, that a copy of such filing having the confidential information deleted therefrom may be made part of the public record.  Any party filing any document under seal must comply with the requirements of Local Rule CR 79-5.

4.      All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony, deposition, or otherwise, that refers, reflects or otherwise discusses any information designated Confidential hereunder), shall not be used, directly or indirectly, by any person for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Order.

5.      Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential," or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential" treatment under this Order, and any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers, reflects or otherwise discusses any information designated confidential hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than:  (a) the Court and its officers; (b) parties to this litigation; (c) counsel for the parties, whether retained counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) fact

witnesses subject to a proffer to the Court or a stipulation of the parties that such witnesses need to know such information; (e) present or former employees of the producing party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure); and (f) experts specifically retained as consultants or expert witnesses in connection with this litigation.

6. Documents produced pursuant to this Order shall not be made available to any person designated in Subparagraph 5(f) unless he or she shall have first read this Order, agreed to be bound by its terms, and signed the attached Declaration of Compliance.

7. All persons receiving any or all documents produced pursuant to this Order shall be advised of their confidential nature. All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any person except as provided herein, and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties thereto. No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose them to any person other than those described above in Paragraph 5 and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

8. Nothing in this Order shall prevent a party from using at trial any information or materials designated "Confidential."

9. This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

10. Within sixty (60) days after the final termination of this litigation, all documents, transcripts, or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials, shall be returned to the individual or entity having produced or furnished same.

11. In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Protective Order, the parties shall first try to resolve such dispute in good faith on an informal basis in accordance with Local Rule CR 37. If the dispute cannot be resolved, the party objecting to the designation may seek appropriate relief from this Court. During the pendency of any challenge to the designation of a document or information, the designated document or information shall continue to be treated as "Confidential" subject to the provisions of this Protective Order.

12. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

13. The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

Dated:  March 9, 2012					Jones Day


							By:   */s/ Jacqueline Vallette*
							        Jacqueline Vallette

							Counsel for Defendant
							EXPERIAN INFORMATION SOLUTIONS, INC.

Dated:  March 9, 2012					Anderson, Ogilvie & Brewer LLP


							By:   */s/ Mark F. Anderson*
							        Mark F. Anderson

							Counsel for Plaintiff
							MARTIN D. YATACO

**GENERAL ORDER 45 CERTIFICATION**

I, Jacqueline Vallette, hereby attest pursuant to N.D. Cal. General Order No. 45 that the concurrence to the filing of this document has been obtained from each signatory hereto.

Executed this 12th day of March, 2012, at San Francisco, California.

Jones Day

By:  /s/ Jacqueline Vallette
     Jacqueline Vallette

Counsel for Defendant
EXPERIAN INFORMATION SOLUTIONS, INC.

**IT IS SO ORDERED.**

Dated: March 15, 2012

                                                   HONORABLE MAXINE M. CHESNEY
                                                 UNITED STATES DISTRICT JUDGE